Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

**Attorney for Plaintiff**
**Nitetek Licensing LLC**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NITETEK LICENSING LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**CHARGEPOINT, INC.,**<br><br>    Defendant. | Case No. _____<br><br>**Jury Trial Demanded**<br><br>**COMPLAINT**<br>**FOR PATENT INFRINGEMENT** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff Nitetek Licensing LLC ("Plaintiff" or "Nitetek"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant ChargePoint, Inc., (hereinafter, "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent Nos. 7,020,105 (hereinafter, the "'105 Patent") and 6,661,783 (hereinafter, the "'783 Patent")(collectively, the "Patents-in-Suit"), which are attached hereto as **Exhibits A** and **B**, respectively, and are

incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 6001 W. Parmer Ln, Suite 370-1070, Austin, TX 78727-3908.

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 240 East Hacienda Ave, Campbell, CA 95008. Upon information and belief, Defendant may be served with process c/o: CSC lawyers Incorporating Service, 2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website, www.chargepoint.com, which is in the business of providing charging services for electric vehicles. Upon information and belief, Defendant derives a portion of its revenue from sales and distribution via transactions initiated from its Internet website located at www.chargepoint.com, and its incorporated and/or related systems (collectively the "ChargePoint Website"). Also, as identified on the ChargePoint Website, Defendant also operates an office location in this district. *See* https://www.chargepoint.com/about/contact/. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the ChargePoint Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the forum state and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

### A. *The '105 Patent*

10. On March 28, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '105 Patent, entitled "DYNAMIC RESOURCE ALLOCATION IN PACKET DATA TRANSFER" after a full and fair examination. The '105 Patent is attached hereto as **Exhibit A** and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '105 Patent, having received all right, title and interest in and to the '105 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '105 Patent, including the exclusive right to recover for past infringement.

12. The invention claimed in the '105 Patent discloses a "method for control of packet data transmissions in a TDMA wireless network to provide for additional choices in the allocation of communication channels." *See* Exhibit A, Abstract.

13. The '105 Patent contains twenty-four (24) total claims with eight (8) claims being independent claims.

14. For example, Claim 1 of the '105 Patent states:

> 1. A communication method used in a mobile station apparatus which performs communication using a TDMA frame formed by eight slots, a start of a TDMA frame on an uplink being delayed by three slots or three slots minus a fraction of a slot from a start of a TDMA frame on a downlink, the method comprising:
>
> receiving using a reception slot of the TDMA frame on the downlink after getting ready to receive;
>
> transmitting using a transmission slot of the TDMA frame on the uplink after getting ready to transmit; and
>
> performing adjacent cell signal level measurement before either getting ready to receive or getting ready to transmit,
>
> wherein (I) when a number of transmission slots used in one TDMA frame on the uplink is below a predetermined number, then, after transmitting using a trans mission slot of the TDMA frame on the uplink, a time allocation of two consecutive slots shall apply for performing adjacent cell signal level measurement and getting ready to receive and (ii) when the number of transmission slots used in one TDMA frame on the uplink is the predetermined number, then, after receiving using a reception slot of the TDMA frame on the downlink, a time allocation of two consecutive slots shall apply for performing adjacent cell signal level measurement and getting ready to transmit.

*See* Exhibit A.

15. Defendant commercializes, inter alia, a device having all the elements and components recited in at least one claim of the '105 Patent. More particularly, Defendant commercializes, inter alia, a device using the method as recited in Claims 1-24 of the '105 Patent.

Specifically, Defendant makes, uses, sells, offers for sale, or imports a device using the method that is covered by all claims of the '105 Patent.

### B. *The '783 Patent*

16. On December 9, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '783 Patent, entitled "CDMA TRANSMISSION APPARATUS" after a full and fair examination. The '783 Patent is attached hereto as **Exhibit B** and incorporated herein as if fully rewritten.

17. Plaintiff is presently the owner of the '783 Patent, having received all right, title and interest in and to the '783 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '783 Patent, including the exclusive right to recover for past infringement.

18. The invention claimed in the '783 Patent comprises an improvement to CDMA transmission apparatuses used for cellular systems.

19. The '783 Patent contains ten (10) total claims with six (6) being independent claims.

20. For example, Claim 3 of the '783 Patent states:

> 3. A spreading code selection method, which selects as the spreading code for asymmetric communications, a hierarchic orthogonal type spreading code which is a spreading code of a hierarchy which contains spreading codes of a longer length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines.

*See* Exhibit B.

4. Defendant commercializes, inter alia, a device having all the elements and components recited in at least one claim of the '783 Patent. More particularly, Defendant commercializes, inter alia, a device as recited in Claims 3 and 4 of the '783 Patent. Specifically,

Defendant makes, uses, sells, offers for sale, or imports a device that encompasses that which is covered by at least Claims 3 and 4 of the '783 Patent.

### DEFENDANT'S PRODUCTS

5. During the enforceability period of the Patents-in-Suit, Defendant offered solutions, such as the "ChargePoint Gateway" (hereinafter, the "Accused Product") for charging electric vehicles from charging spots around the world.  A non-limiting and exemplary claim chart comparing the Accused Product to each claim of the '105 Patent is attached hereto as **Exhibit C** and is incorporated herein as if fully rewritten.  Additionally, a non-limiting and exemplary claim chart comparing the Accused Product to Claims 3 and 4 of the '783 Patent is attached hereto as **Exhibit D** and is incorporated herein as if fully rewritten.

6. Defendant's Accused Product provides charging capabilities for various electric vehicles from various locations using a fully integrated portfolio of hardware and cloud services. *See* Exhibits C and D.

7. As recited in Claim 1 of the '105 Patent, the Accused Product can communicate via a GSM cellular connection and would adhere to the 3GPP TS 45.002 V6.12.0 (2005-11) standard defining GSM.  *See* Exhibit C at 1.

8. As recited in Claim 1 of the '105 Patent, the Accused Product uses the 3GPP TS 45.002 V6.12.0 (2005-11) standard to provide a communication method used in a mobile station apparatus (e.g. mobile station) which performs communication using a TDMA frame formed by eight slots (e.g. eight timeslots shall form a TDMA frame), a start of a TDMA frame on an uplink being delayed by three slots (e.g. the uplink is delayed by the fixed period of three timeslots from the start of the TDMA).  *See* Exhibit C at 1.

9. As recited in Claim 1 of the '105 Patent, the Accused Product uses the 3GPP TS 45.002 V6.12.0 (2005-11) standard for receiving (e.g. Rx) using a reception slot of the TDMA frame

on the downlink (e.g. at frame 3 on downlink) after getting ready to receive (e.g. red highlight frames 0-2 on downlink).  *See* Exhibit C at 1(a).

10.     As recited in Claim 1 of the '105 Patent, the Accused Product uses the 3GPP TS 45.002 V6.12.0 (2005-11) standard to provide transmitting (e.g. Tx) using a transmission slot of the TDMA frame on the uplink (e.g. frame 3 on uplink) after getting ready to transmit (e.g. red highlight frames 0-2 on uplink).  *See* Exhibit C at 1(b).

11.     As recited in Claim 1 of the '105 Patent, the Accused Product uses the 3GPP TS 45.002 V6.12.0 (2005-11) standard to provide performing adjacent cell signal level measurement before either getting ready to receive or getting ready to transmit (e.g. Tta and/or Tra).  *See* Exhibit C at 1(c).

12.     As recited in Claim 1 of the '105 Patent, the Accused Product uses the 3GPP TS 45.002 V6.12.0 (2005-11) standard to provide (I) when a number of transmission slots used in one TDMA frame on the uplink is below a predetermined number, then, after transmitting using a transmission slot of the TDMA frame on the uplink, a time allocation of two consecutive slots shall apply for performing adjacent cell signal level measurement (e.g. Tra) and getting ready to receive (e.g. Ttb) and (ii) when the number of transmission slots used in one TDMA frame on the uplink is the predetermined number, then, after receiving using a reception slot of the TDMA frame on the downlink, a time allocation of two consecutive slots shall apply for performing adjacent cell signal level measurement (e.g. Tta) and getting ready to transmit (e.g. Trb).  *See* Exhibit C at 1(d).

13.     As recited in Claim 3 of the '783 Patent, the Accused Product, at least in internal testing and usage, practices selecting as the spreading code (e.g., OVSF code as channelization code) for asymmetric communications, a hierarchic orthogonal type spreading code (e.g., hierarchical OVSF codes) which is a spreading code of a hierarchy which contains spreading codes of a longer

length than spreading codes used for symmetric communication lines and is orthogonal to spreading codes used for other asymmetric communication lines. *See* Exhibit D.

14. As recited in Claim 3 of the '783 Patent, the Accused Product provides different users in UMTS-FDD use different spreading codes which are mutually orthogonal and therefore spreading codes for asymmetric communication line between a user and a base station and that of another user and the base station respectively happen to be orthogonal. The Accused Product is equipped with 3G (also referred to as UMTS). 3G/UMTS has UMTS-FDD as one of its variants. *See* Exhibit D.

15. The elements described in paragraphs 5-14 are covered by at least Claim 3 of the '783 and Claim 1 of the '105 Patent, for example. *See* Exhibits C and D. Thus, Defendant's use of the Accused Product is enabled by the device described in the Patents-in-Suit.

## COUNT I:

## INFRINGEMENT OF THE '105 PATENT

16. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

17. In violation of 35 U.S.C. §271, Defendant has directly infringed the '105 Patent.

18. Defendant has had knowledge of infringement of the '105 Patent at least as of the service of the present Complaint.

19. Defendant has directly infringed at least one claim of the '105 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '105 Patent, Plaintiff has been damaged.

20. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '105 Patent, pursuant to 35 U.S.C. §271.

21. Defendant has committed these acts of infringement without license or authorization.

22. As a result of Defendant's infringement of the '105 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

23. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit C is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT II:

## INFRINGEMENT OF THE '783 PATENT

24. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding Paragraphs.

25. In violation of 35 U.S.C. §271, Defendant has directly infringed the '783 Patent.

26. Defendant has had knowledge of infringement of the '783 Patent at least as of the service of the present Complaint.

27. Defendant has directly infringed at least one claim of the '783 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States.  As a direct and proximate result of Defendant's direct infringement of the '783 Patent, Plaintiff has been damaged.

28. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '783 Patent, pursuant to 35 U.S.C. §271.

29. Defendant has committed these acts of infringement without license or authorization.

30. As a result of Defendant's infringement of the '783 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

31. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit D is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

32. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '105 Patent either literally or under the doctrine of equivalents;

b. That Defendant be adjudged to have directly infringed the '783 Patent either literally or under the doctrine of equivalents;

c. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

     f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

     g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

.

Dated: May 29, 2020                                                         Respectfully submitted,

*/s/ Steven W. Ritcheson*
Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
*swritcheson@insightplc.com*

**Attorney for Plaintiff**
**Nitetek Licensing LLC**